42  643
91  313

[No. 2,409.]

## JOSEPH M. WOOD v. REUBEN E. RAMOND ET ALS.

NONSUIT MAY BE WAIVED AND JUDGMENT TAKEN ON MERITS.—A defendant, conceiving that the plaintiff has failed to prove his case, may waive a motion for a nonsuit, and proceed to prove his own case, and have judgment on the merits.

JUDGMENT ON MERITS NOT TO BE TAKEN AFTER NONSUIT.—If a defendant move for a nonsuit, and it be granted, he cannot have judgment on the merits.

NONSUIT ON MOTION OF DEFENDANT.—A nonsuit granted on motion of the defendant is equivalent in its operation on the action to a dismissal with the consent of the defendant, even if the defendant has set up new matter and asked for affirmative relief in his answer.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The appeal was taken from the judgment, from "the order allowing the plaintiff to take a nonsuit, and also from the order refusing to allow the defendants to make proof of the facts set up in defendants' cross-complaint, and from all the orders and errors specified," etc.

The facts are stated in the opinion.

*G. F. & William H. Sharp*, for Appellants.

The defendants should have been allowed to prove the allegations of their cross-complaint. No distinction in pleading exists under the code, whether the relief sought be legal or equitable. The old rules are superseded. (*Smith* v. *Raie*, 4 Cal. 6; *Cordies* v. *Schloss*, 12 Cal. 147; *Higgins* v.

*McDonald,* 18 Cal. 302; *Reddler* v. *Baker,* 13 Cal. 302.) The affirmative matter stated in the answer was properly the subject of a cross-complaint, and under the code it was admissible. (Secs. 37–46, 49, and 64 of Practice Act.) Under our code, legal and equitable relief may be obtained in the same action—the pleader may join in the same complaint legal and equitable causes of action. For instances of such joinder, and as illustrative of the general doctrine, see *Morenhout* v. *Higuera,* 32 Cal. 294. The averment of ouster was properly the subject of cross-complaint, whether this action be treated as legal or equitable. (See *Moore* v. *Massina,* 32 Cal. 595; *Gates* v. *Keiff,* 7 Cal. 125.) Equitable title may be interposed as a defense in ejectment, and if this be true, the rule must be true *e converso.* (*Cadiz* v. *Meyers,* 33 Cal. 288; *Carpentier* v. *City of Oakland,* 30 Cal. 438; *Lorain* v. *Long,* 6 Cal. 452; *Getty* v. *Hudson River R. R. Co.* 6 Howard's Pr. 269.) The matter set up in the answer related to the general subject matter of the action, and was responsive to the complaint. (Practice Act, Sec. 47; Van Sandvord's Pleadings, 50, 51; *Pralus* v. *Jeff. S. Mg. Co.* 34 Cal. 558.)

*Wood & Harding,* for Respondent.

The appellants appeal from a judgment of nonsuit, granted on their own motion. They were not the parties aggrieved, and have no right to appeal. (Pr. Act. Sec. 335; *Insly* v. *Beard,* 6 Cal. 666; *Sleeper* v. *Kelly,* 22 Cal. 456; *Ely* v. *Frisbie,* 260.)

By the Court, R<span></span>HODES, J.:

The plaintiff commenced this action under the two hundred and fifty-fourth section of the Practice Act, to quiet his title to certain premises. The defendants, after denying most of the material allegations of the complaint, set up

what is claimed as new matter, and upon it demanded affirmative relief. Upon the hearing, the Court, on the defendants' motion, ordered a judgment of nonsuit. The defendants, thereupon, offered to prove their allegations of new matter. The Court refused them permission to introduce evidence. This is alleged as error, and is the sole ground of the appeal.

A defendant, conceiving that the plaintiff has failed to prove his case, may waive a motion for a nonsuit, and proceed to prove his own case, and have judgment on the merits. But if he move for a nonsuit, and the nonsuit be granted, he cannot proceed and have judgment on the merits; because, by reason of the nonsuit, the plaintiff is virtually out of Court. A nonsuit, granted on the motion of the defendant, is equivalent, in its operation on the action, to a dismissal with the consent of the defendant.

Judgment affirmed.