[S. F. No. 2086.    Department Two.—August 8, 1902.]

PACIFIC PAVING COMPANY, Appellant, v. H. W. GAL- LETT et al., Respondents.

STREET-WORK—OBJECTION OF PROPERTY-HOLDERS—LOSS OF JURISDICTION —CASE AFFIRMED.—A written objection of property-holders to pro- posed street-work, purporting to be signed by the owner of a majority of the frontage, not affirmatively disallowed as not legally signed by such majority, is sufficient, though actually filed before the expiration of the time for posting and publication of the notice for street-work, and though not formally indorsed by the clerk, if otherwise sufficiently identified and authenticated, and deprives the board of jurisdiction to order the improvement under the original resolution. [*Thomason* v. *Carroll*, 132 Cal. 148, affirmed.]

ID.—TESTIMONY OF DEPUTY CLERK—ABSENCE OF OTHER RESOLUTION.—
In an action to enforce a street assessment levied in fact under the
original resolution of intention, evidence of the deputy clerk was
admissible to prove that no other resolution of intention to do the
street-work involved was passed by the supervisors than that intro-
duced in evidence.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order deny-
ing a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion.

Gunnison, Booth & Bartnett, for Appellant.

D. H. Whittemore, for Respondents.

SMITH, C.—Appeal from a judgment for the defendants in
a suit upon a street assessment, and from an order denying
the plaintiff's motion for a new trial.   The case is substantially
similar to that of *Thomason* v. *Carroll,* 132 Cal. 148.   In this
case, as in that, the "written objection" of the property-hold-
ers to the proposed work was filed before the expiration of the
time for posting and publication of the notices of street-work;
and the order for the work was passed without regard to the
objection and without passing any other resolution of inten-
tion.   In this case the objection is also made that it does not
appear that the "written objection" was indorsed by the
clerk; but the document itself appears in the statement, and
is indorsed substantially as the corresponding document in the
case cited.   It is objected also—as a ground for new trial—
that the admission of the "written objection," without proof
of signature, or proof of ownership, or of the number of feet,
etc., was error.   But the document was identified as a paper
filed with the clerk of the board of supervisors, and produced
from its records, and was otherwise sufficiently authenticated;
and it appears that the validity of the protest was allowed by
the resolution of the board of supervisors read in evidence;
though, indeed, we do not think the latter proof was essential.
It was sufficient that there was on file "a written objection pur-
porting to be signed by the owners of a major frontage of the
property fronting on [the] proposed work or improvement."
and that it did not affirmatively appear that it had been dis-

allowed as a bar by the board "because, in its judgment, said objection had not been legally signed by the owners of a majority of said frontage." (Street Imp. Act., sec. 3, Finlayson's ed., p. 9.) The only other objection of the appellant is the admission of the testimony of the deputy clerk to prove that there was no other resolution of intention passed by the board than that introduced in evidence. But this testimony was proper. The negative could be proven otherwise only by introducing the voluminous records of the proceedings of the board, and parol testimony was therefore admissible. (Code Civ. Proc., sec. 1855, subd. 5.) The case, we think, cannot be distinguished from *Thomason* v. *Carroll*, cited above, and clearly comes within the authority of the decision in that case and in *City Street Imp. Co.* v. *Babcock*, 123 Cal. 205, and *Pacific Pav. Co.* v. *Reynolds*, 62 Pac. Rep. 212.

We advise that the judgment and order appealed from be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., McFarland, J., Temple, J.