[Civ. No. 6214. Third Appellate District.—October 3, 1939.]

VIRGINIA CROSSAN, Respondent, v. ALEXANDER CROSSAN, Appellant.

Chester F. Gannon and John B. Heinrich for Appellant.

McAllister & Johnson for Respondent.

DEIRUP, J., *pro tem.*—Plaintiff was granted a divorce from defendant in the State of Nevada, and subsequently brought this action for a division of the community property. The trial court awarded to the plaintiff a dwelling house and the household furniture therein, which it found to be of the net value of $1500. It gave to the defendant an insurance

policy, an automobile, and a cabin which it found to be worth $806, and also an interest in the State Employees' Retirement Fund of the value of $811.67, as found by the court. Defendant has appealed from the judgment.

The only question raised upon the appeal is whether the interest in the Retirement Fund is to be treated as community property. Defendant claims that it is not property and should be ignored, and that with this interest omitted, the division of the rest of the items of community property is inequitable. On the other hand, the defendant has been awarded more than half of the community property if the interest in the fund was properly included with the other items.

The Retirement Fund in question is the one provided for by the State Employees' Retirement Law. (Stats. 1931, p. 1442, as amended.) The defendant is an employee of the state. A portion of his salary has been deducted and paid into a fund which is under the control of a board of administration. He may withdraw his portion of the fund if his employment is discontinued; otherwise, it is beyond his control. The act provides for allowances for permanent disability, for death benefits and for an annuity and pension upon retirement. The defendant's interest in the fund bears a certain resemblance to an insurance policy, but it differs in that he is compelled to contribute to the fund, and also in that the state will pay to him a larger sum than his contributions alone would warrant.

It is true that the defendant has no property or contract right in the fund. Such a right cannot accrue until the happening of an event upon which payment is contingent. But when such an event occurs, the amount which will be payable will represent earnings. (*Cheney* v. *City and County of San Francisco*, 7 Cal. (2d) 565 [61 Pac. (2d) 754].)

The money which has been paid into the Retirement Fund by defendant was community property. His interest is a valuable right which has been purchased with community funds. It was proper, therefore, for the trial court to award to the plaintiff other community property equivalent in value to that interest.

The judgment is affirmed.

Thompson, Acting P. J., and Tuttle, J., concurred.