[Civ. No. 16623. First Dist., Div. Two. June 14, 1956.]

OLGA CULLEN, as Administratrix, etc., et al., Appellants, v. RISTO J. SPREMO et al., Respondents.

Frank J. O'Brien for Appellants.

Vladimir Vucinich and Joseph A. Kiernan for Respondents.

DEVINE, J. pro tem.*—Olga Cullen is the administratrix of the estate of her deceased father, Luka Vujovich, and is guardian ad litem of her mother, an incompetent person.

---

*Assigned by Chairman of Judicial Council.

She is referred to herein as plaintiff, although the incompetent person herself also is a plaintiff, by her guardian. Plaintiff brought an action to set aside a deed made by her father on the grounds, first, that the property was community property, and that the deed by the single spouse, her father, was ineffective to convey title, and second, that the defendants held a confidential relationship towards the grantor and that they obtained the deed without consideration and by undue influence. By their answer, defendants generally denied these allegations and by cross-complaint, they alleged their ownership of the property and sought to have title quieted in them. The allegations of the cross-complaint, in turn, were met by general denial in answer to the cross-complaint. At the trial, upon conclusion of plaintiff's case, the court granted defendants' motion for nonsuit, granted a motion for summary judgment for cross-complainants, and granted their motion to reform the deed in question, which admittedly contained an error in description of the property.

The first ground of appeal from the judgment of nonsuit is that no grounds were specified in defendants' motion. ■ The grounds for nonsuit must be stated. (*Lawless* v. *Calaway*, 24 Cal.2d 81, 94 [147 P.2d 604].) It is argued by respondents that the record shows that there was "argument" preceding the granting of the motion; that it must be inferred that the grounds were specified in the motion; that the defects in plaintiff's case were such that plaintiff could not have cured them even though they had been specifically stated; and that no motion to reopen was made between the time the motion for nonsuit was made and the time of the granting thereof. ■ We cannot tell what specific grounds, if any, for the nonsuit were stated in the unreported argument, and because grounds not specified in a motion will be considered on appeal only if it is clear that the defect is one which could not have been remedied if it had been called to the attention of plaintiff by the motion (*Lawless* v. *Calaway, supra*, at p. 94), we believe the judgment of nonsuit must be reversed on this ground. The fact that plaintiff did not move to reopen does not help respondents in the absence of a showing that the asserted legal deficiencies of her cause were so described to her counsel on the motion for nonsuit that he could make the motion to reopen with a view to remedying, if possible, the stated inadequacies of his pleading or proof.

So far as the nonsuit is concerned, we might stop with

the above, but we think that, the case being remanded, it is appropriate for us to observe that even if the grounds relied on by respondents on this appeal had been fully stated at the time of the motion for nonsuit and if plaintiff did not present any additional evidence, the judgment of nonsuit should not have been granted. This we do in part by way of giving an additional reason for our decision and in part for use at another trial.

We proceed to a review of the evidence in the light of the law that the rules as to nonsuit are the same when a case is tried by the court as when it is tried by a jury. (*Szopieray* v. *West Berkeley etc. Co.*, 194 Cal. 106, 109 [227 P. 720]; *Hale* v. *Safeway Stores, Inc.*, 129 Cal.App.2d 124, 131 [276 P.2d 118].) However, we shall consider only the major items of claimed contributions of community property to the deeded estate.

The mother of plaintiff and wife of decedent grantor had been adjudged incompetent since February 9, 1931, and was an incompetent person at all times relevant to this case. Thus, she was unable to dispose of any interest in the property of the community or to make any agreement with respect thereto, and if the property purportedly conveyed by the husband's deed to defendants was community property, it was ineffective to convey his spouse's interest (Civ. Code, § 172a); although the disposition even of community property by a husband who has deceased since the conveyance is equivalent to a valid testamentary disposition of his interest therein (*Britton* v. *Hammell*, 4 Cal.2d 690 [52 P.2d 221]).

The land itself was acquired by the husband by inheritance from his brother, and was his separate property. If, however, improvements on the property were made from community property, they would not become separate property of the husband by his action alone, with no assent or agreement of his wife (*Wheeland* v. *Rodgers*, 20 Cal.2d 218, 222 [124 P.2d 816]; *Provost* v. *Provost*, 102 Cal.App. 775, 780-781 [283 P. 842]; *Estate of Chandler*, 112 Cal.App. 601, 604 [297 P. 636]; *Long* v. *Long*, 88 Cal.App.2d 544, 548 [199 P.2d 47]), and the wife was incompetent to make any agreement.

Decedent received a pension from United States Steel Corporation, where he had worked for 30 or 35 years during all of which time he was married to Elena, now incompetent. The pension was community property. (*French* v. *French*, 17 Cal.2d 775 [112 P.2d 235, 134 A.L.R. 366]; *Crossan* v

*Crossan,* 35 Cal.App.2d 39 [94 P.2d 609].) Plaintiff testified that this money "went into the land." When she was asked if she had knowledge of this herself she replied she had none except what her father told her. The statement "what he told (her)" was stricken upon a motion which was not accompanied by any stated reason, but the testimony that the pension went into the land remains in the record.

Moreover, we believe it would not be hearsay (if that was the unrevealed basis of the motion to strike), because it would be a declaration against interest in favor of his spouse made by a deceased grantor, and thus admissible against his successor in interest. (Code Civ. Proc., §§ 1849-1853; *Estate of Hill,* 167 Cal. 59, 65 [138 P. 690]; *Wright* v. *Best,* 19 Cal.2d 368, 379 [121 P.2d 702].)

A life insurance policy was paid for largely, if not completely, it may be inferred, from community funds and, therefore, was community property. *(Union Mut. Life Ins. Co.* v. *Broderick,* 196 Cal. 497 [238 P. 1034].) This was paid up in 1943. In 1947, the house which had stood on the land was destroyed by fire, and was rebuilt by decedent in 1947. Plaintiff testified without objection that the money for rebuilding came from cashing the life insurance. Although she admitted on cross-examination that she did not see the life insurance check cashed nor disbursed, her testimony as given on direct examination stands, and here again, it may be that her conclusion thus testified to, is the result of statements made to her by her father. Even evidence which is legally inadmissible, whether objected to or not, if it is in the record is to be considered, if it is relevant, in favor of plaintiff on motion for nonsuit. (*Gregg* v. *Western Pacific R. R. Co.,* 193 Cal. 212, 216 [223 P. 553].)

The same holds true as to the proceeds of the sale of a home in San Francisco which belonged to both spouses. In presenting her case, plaintiff testified without objection that the proceeds went into the land. Although this may have been weakened by cross-examination, nevertheless, a conflict remained which would have to be resolved by judgment.

As to the second cause, the motion for nonsuit should have been denied. Decedent, an elderly man, was barely able to read or write. There was evidence that defendant Risto J. Spremo kept books for him and advised him in business affairs and that Mrs. Spremo had access to his safe deposit box. Plaintiff testified without objection that defendants "were (decedent's) complete advisors as to his

finance and books.'' There was sufficient evidence that defendants were trustees by assuming a relationship of personal confidence (Civ. Code,§ 2219; *Estate of Rugani,* 108 Cal. App.2d 624, 630 [239 P.2d 500]). The deed was prepared by an attorney for defendants. It was not recorded until after decedent's death, and plaintiff was not told of the deed nor of the accident which caused her father's death until after he had died. ■ A prima facie case had been established under the rule that undue influence is presumed where a trustee obtains an advantage. (*Cox* v. *Schnerr,* 172 Cal. 371, 379 [156 P. 509].)

■ As to consideration, respondents cite section 1614 of the Civil Code which provides that a written instrument is presumptive evidence of consideration; but the presumptions which the law affords are not available to a party moving for and obtaining a nonsuit. (*Copeland* v. *Rabing,* 110 Cal.App.2d 631, 636 [243 P.2d 119].) Moreover, the deed bore no revenue stamps. ■ The question of undue influence is one to be decided on the facts of each case. (*Sparks* v. *Sparks,* 101 Cal.App.2d 129, 135 [225 P.2d 238].) Nonsuit was improper.

The next step to be considered is the judgment which followed. After a motion for new trial had been made, the court signed findings of fact, conclusions of law and judgment quieting title in cross-complainants. The findings state that the property was the separate property of decedent, that decedent conveyed to cross-complainant for good and adequate consideration and that he was not induced to convey by undue influence or fraud. ■ If the judgment for the defendant were rendered by the court in passing on the weight of the evidence, even though the only evidence produced were that of the plaintiff, the evidence would, on review, be viewed most favorably to defendant. (*Estate of Jamison,* 41 Cal.2d 1, 6 [256 P.2d 984].) We cannot regard the judgment, however, as taking the place of the nonsuit and supplying the deficiencies of that proceeding. ■ The granting of the nonsuit was entered in the minutes and became a judgment. (Code Civ. Proc., § 581d; *McColgan* v. *Jones, Hubbard & Donnell, Inc.,* 11 Cal.2d 243, 245 [78 P.2d 1010].)

■ Defendants, having obtained judgment of nonsuit, were not entitled to findings of fact on the issues framed by the complaint and the answer. (*Wood* v. *Ramond,* 42 Cal. 643; *City & County of San Francisco* v. *Brown,* 153 Cal. 644 [96 P. 281].) There is no place for another judgment insofar

as complaint and answer are concerned. (*Finch* v. *Ekstrom*, 115 Cal.App. 381 [1 P.2d 516].) The judgment of nonsuit could not be set aside except by the same procedures available for setting aside any other judgment. (*Fisch & Co., Ltd.* v. *Superior Court*, 6 Cal.App.2d 21 [43 P.2d 855].)

 It is true that issues raised by a cross-complaint and the answer thereto remain after the granting of dismissal of the complaint (*Pacific Finance Corp.* v. *Superior Court*, 219 Cal. 179, 183 [25 P.2d 983, 90 A.L.R. 384]), and even though the issues were substantially the same on the cross-complaint and answer thereto as on the complaint and answer, perhaps the whole case could have been reopened for trial on the cross-complaint.

However, no evidence whatever was produced in support of the cross-complaint, which asserted title in cross-complainants and alleged its claim of plaintiff and cross-defendant to be wrongful. The evidence adduced by plaintiff on the complaint was not before the court at this point. No evidence, not even the permissible conclusion as to ownership, was offered, save certain testimony as to misdescription in the deed. It seems clear that once the judgment of nonsuit was granted, whatever followed was deemed merely corollary thereto, for when the court made the order for summary judgment, an order which though improper, never was set aside, the court showed its conclusion to be that there were no triable issues.

It may well be that the complaint should include a cause for reimbursement of the asserted unauthorized disposition of community property (see *Dunn* v. *Mullan*, 211 Cal. 583, 592 [296 P. 604, 77 A.L.R. 1015] ; *Estate of Turner*, 35 Cal. App.2d 576 [96 P.2d 363]).

There is an appeal from the orders made in the case of which there were two. The first was the order granting summary judgment, which is not appealable (*Integral Land Corp.* v. *Anderson*, 62 Cal.App.2d 770 [145 P.2d 364]), and the second, an order denying a motion for new trial, which is also nonappealable. (*Hughes* v. *De Mund*, 195 Cal. 242, 247 [233 P. 94].)

The appeal from the orders granting summary judgment and denying new trial is dismissed. Judgment of nonsuit and judgment in favor of cross-complainants reversed. Appellants to recover costs on appeal.

Nourse, P. J., and Dooling, J., concurred.