[Civ. No. 22915.   Second Dist., Div. One.   Dec. 18, 1958.]

FAMILY SERVICE AGENCY OF SANTA BARBARA (a Nonprofit Corporation), Respondent, v. JOSEPH J. AMES et al., Appellants.

346

[redacted]

Lynch & Reilly for Appellants.

Price, Postel & Parma and Robert M. Jones for Respondent.

LILLIE, J.—This is an appeal by defendants from a summary judgment in a quiet title action involving a parcel of property in the city of Santa Barbara.

The complaint contained two causes of action, the first in the usual form of quiet title and the second in damages for trespass. Defendants' answer denied the material allegations of the complaint, and as affirmative defenses asserted ownership in the land by a 1947 deed from one Melendez and ownership by adverse possession since 1929 through themselves and their predecessors in interest. Plaintiff thereafter filed a motion for summary judgment based on affidavits of certain of its officers and other individuals including city and county officials and employees. A counteraffidavit was filed by one of the defendants, and following a hearing the court granted the motion, and on August 5, 1957, signed an "Order on Motion for Summary Judgment" which included findings of fact, conclusions of law and an adjudication that title be quieted in plaintiff as against defendants, making no reference to the matter of damages. Present counsel for defendants had become attorneys of record only two days prior to the order. On September 3, 1957, without vacating its previous order, the court signed new findings of fact and conclusions of law covering the issues in the first cause of action and, by stipulation of the parties, the amount of damages. A formal judgment was signed and entered on September 3, 1957. Defendants appeal from that judgment and the judgment or "order" of August 5.

At the outset, it should be noted that in summary judgment proceedings the court is without authority to make findings of fact (*Weichman* v. *Vetri*, 100 Cal.App.2d 177, 180

[223 P.2d 288]) and in connection with the attempted appeal from the ''order'' of August 5, 1957, no appeal lies from an order granting summary judgment (*Cullen* v. *Spremo*, 142 Cal.App.2d 225, 232 [298 P.2d 579]). However, we shall construe the August 5 ''Order'' as a judgment which was superseded by the judgment of September 3, and dismiss the attempted appeal from the former.

Appellants contend that the affidavits in support of the motion for summary judgment were insufficient as a matter of law to defeat their claims to ownership either by record title or by adverse possession. It is further contended that the motion was noticed upon the ''papers, pleadings, files, records and proceedings in the action,'' contrary to settled rules in such proceedings which limit the court's consideration to affidavits only. An additional point relating to the findings on damages has been abandoned by stipulation.

A motion for summary judgment is provided by section 437c, Code of Civil Procedure, the pertinent portion of which then read as follows: ''The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff or defendant to a judgment in the action, and the facts stated therein shall be . . . set forth with particularity, and each affidavit shall affirmatively show that affiant, if sworn, . . . can testify competently thereto.'' ■ The general principles to be observed in such proceedings are stated in *Eagle Oil & Refining Co.* v. *Prentice*, 19 Cal.2d 553, at page 555 [122 P.2d 264]: ''The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case.'' Stated otherwise, ''issue finding rather than issue determination is the pivot upon which the summary judgment law turns'' (*Walsh* v. *Walsh*, 18 Cal.2d 439, 441 [116 P.2d 62]). ■ In *Eagle Oil & Refining Co.* v. *Prentice*, 19 Cal.2d 553, the court further declared, at page 556 [122 P.2d 264]: ''(t)he procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact.'' ■ ''For these reasons,'' the court continues, ''the affidavits of the moving party . . . should be strictly construed and those of his opponent liberally construed.'' ■ Furthermore, the propriety of granting or denying a motion for summary judgment is determined by the

sufficiency of the affidavits on file (*Coyne* v. *Krempels,* 36 Cal.2d 257, 261 [223 P.2d 244]). ■ While the pleadings serve to define the issues, it is the showing made by the affidavits that is determinative since the court is thereby able to pierce the allegations of the pleadings to ascertain whether a genuine cause of action exists or a real defense has been interposed. (*Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 562 [277 P.2d 464].) ■ Finally, if any doubt exists whether summary judgment be granted, it should be resolved against the moving party (*Whaley* v. *Fowler,* 152 Cal.App.2d 379, 381 [313 P.2d 97]; *Travelers Indemnity Co.* v. *McIntosh,* 112 Cal. App.2d 177, 182 [244 P.2d 1065]).

Appellants' answer set up an affirmative defense claiming ownership by deed and by adverse possession since 1929. Because the chief basis for this appeal concerns the insufficiency of respondent's affidavits to establish the lack of any triable issue as to adverse possession, we first consider the merits of that claim. If it is tenable, the motion should have been denied.

■ A claimant to title by adverse possession must establish five elements in connection with his occupancy: He must have been in (1) actual and (2) open and notorious possession of the premises, (3) under color of title or claim, (4) continuously and without interruption for five years and (5) must have paid all taxes assessed. (*West* v. *Evans,* 29 Cal.2d 414, 417 [175 P.2d 219].) For the purposes of this appeal, respondent concedes that appellants have satisfied the first four elements but claims a lack of compliance with the tax requirement. ■ Proof thereof, then, is manifestly essential, since before plaintiff can prevail on summary judgment, its affidavits must state facts covering every element necessary to sustain a judgment in its favor (*Murphy* v. *Kelly,* 137 Cal. App.2d 21, 31 [289 P.2d 565]).

The affidavit of William Moore, the city assessor, alleged that taxes were assessed on the disputed parcel to plaintiff (under its original corporate name) from 1939 to 1957, with certain immaterial exceptions, and at no time during that period was the property assessed to defendants. Contrary to the provisions of sections 1855, 1920 and 1926, Code of Civil Procedure, no copies of the tax records in question, certified or otherwise, were attached, nor did the affidavit allege any excuse or explanation for their nonproduction. The affidavit of A. M. Fanning, city tax collector, declared that all taxes against the parcel in suit between 1939 and 1957 were assessed

to and paid by the plaintiff; that no overpayment was made during that period nor was payment made twice during any fiscal year. Again, no copies of the official records were attached to the affidavit, nor was any excuse or explanation for their nonproduction set forth. Jessie Loch, a deputy county tax collector, and Guy P. Swayer, county assessor, also executed affidavits to the same general effect, as the matter involved records of their offices, but no copies of such records were attached and there was no explanation or excuse for their absence.

In opposition to the motion, a counteraffidavit of one of the appellants alleged that defendants and their predecessors in title had been in open, actual and notorious possession "in fee against the whole world" without interruption since 1939 and during that period had paid all taxes of every kind levied and assessed. Photostatic copies of tax receipts were attached to the counteraffidavit which further alleged that affiant had been informed "many times" by the office of the city tax collector that she was paying taxes on the lot in issue even though the lot number for assessment purposes had been changed at various times; that she believed Lot 13, so numbered on the attached tax receipts, was the lot in issue and that it was so numbered at one time. In reply to the foregoing averments, respondent filed an affidavit executed by an employee of the city assessor's office to the effect that the lot in question had never been misnumbered.

Appellants contend that the affidavits of Moore, Fanning, Loch and Sawyer were all incompetent to establish the facts alleged. They rely on *Low* v. *Woodward Oil Co., Ltd.*, 133 Cal.App.2d 116 [283 P.2d 720], where similar allegations were characterized as mere conclusions of law as to the matters in issue, and the court held that an affiant may not give testimony concerning the contents of a document in the absence of a showing which would excuse the production of the original or authenticated copies. The court therein stated at page 121: "Under such circumstances where the affidavit of a movant depends upon written instruments, his affidavit is insufficient unless there is attached thereto the original documents, or a verified or certified copy of such instrument. (Citation.)" "A proper objection to such testimony would go to its competency" (*Gardenswartz* v. *Equitable etc. Soc.*, 23 Cal.App.2d 745, 750 [68 P.2d 322]).

In this state it is firmly established that the best

evidence of the contents of a writing is the writing itself (18 Cal.Jur.2d 659). However, the above rule does not apply where the original is a record or document in the custody of a public officer, or when it has been recorded and the certified copy of the record is by law made evidence, in either of which cases a copy of the original or of the record must be produced (Code Civ. Proc., § 1855, subds. 3 and 4). ■ Hence, matters of record cannot be proved by parol and must be established by certified copies or a transcript of the record (18 Cal.Jur.2d 666). ■ In *Allen* v. *McKay & Co.*, 139 Cal. 94 [72 P. 713], in which claims of title by adverse possession were asserted and the date of a tax assessment became a material point, the court declared: "It certainly cannot be said that such an act as the assessment of real property can be established by parol proof or by anything other than an official record. . . ." (p. 101). To the same effect is *Murphy* v. *Nielsen*, 132 Cal.App.2d 396, 400 [282 P.2d 126].

■ Subdivision 5 of section 1855, Code of Civil Procedure, provides, however, that there can be no evidence of the contents of a writing, other than the writing itself, except "(w)hen the original consists of numerous accounts or other documents, which cannot be examined in Court without great loss of time, and the evidence sought from them is only the general result of the whole." This relaxation of the rule is usually invoked where the results sought to be achieved are negative and not affirmative, that is, not that the documents do but that they do not show a certain fact (*San Pedro Lumber Co.* v. *Reynolds*, 121 Cal. 74, 86 [53 P. 410]). But that case, as well as *Pacific Paving Co.* v. *Gallett*, 137 Cal. 174 [69 P. 985], in which the problem was also presented, did not involve a proceeding for summary judgment; furthermore, there were before the lower court either summarizing schedules or other documents concerning which the adverse party had both the right of inspection and the opportunity to cross-examine the custodian thereof. Thus, in *San Pedro Lumber Co.* v. *Reynolds, supra,* 86, the witness "was rigidly cross-examined as to the items composing his schedules, and their correctness was established"; additionally, it was there represented by the respondent that the records "would weigh a ton" and "appellant concedes that this is not far from the truth." In the instant case, respondent admits that the various statements in the affidavits "smack of hearsay" but argues on appeal that the assessment rolls could not be at-

tached to the affidavits, and excerpts therefrom would be inconclusive in that it would have to be shown that no pertinent facts were omitted. It is also asserted that the use of the originals would have disrupted the business of four governmental offices and the cost of substituting copies would have been prohibitive. Although respondent *now* gives this argument as a justification for presenting neither copies nor the original records in its brief on appeal, such explanation or any excuse for nonpresentation was not set forth in the controlling affidavits before the lower court. Respondent further states in its brief that appellants did not object to the nonproduction of the necessary attachments and hence waived any right to raise the point on appeal.

We shall first dispose of the point last mentioned, that appellants waived their right to object to the affidavit deficiencies by failing to do so in the lower court. ██ It is the rule in California that there can be no waiver in summary judgment proceedings of the right to object to matter inadmissible by virtue of its incompetency. ██ Thus, in *Gardenswartz* v. *Equitable Life Assur. Soc.*, 23 Cal.App.2d 745, 751 [68 P.2d 322], it is stated that under section 437c, Code of Civil Procedure, "summary judgment for plaintiff cannot be ordered, *even though affidavits for the defendant be insufficient or absent*, unless the plaintiff presents affidavits in support of his motion which comply with the section. . . ." (Emphasis added.) To the same effect are *Coyne* v. *Krempels*, 36 Cal.2d 257, 261 [223 P.2d 24]; *Kelliher* v. *Kelliher*, 101 Cal.App.2d 226, 231-232 [225 P.2d 552] and *Desny* v. *Wilder*, 46 Cal.2d 715, 725-726 [299 P.2d 257]. Under the rule of those cases, there must first be a sufficiently supportive affidavit before any defects in a counteraffidavit need be considered. For a further discussion of the general principles here involved, see our opinion filed this day in *Southern Pac. Co.* v. *Fish, post,* p. 353 [333 P.2d 133].

As previously pointed out, we are limited to the affidavits on file and the sufficiency thereof; and in the absence of any allegations therein excusing lack of compliance with the applicable subdivisions of section 1855, we cannot adopt respondent's present argument excusing the deficiencies in the affidavits. For us to do so would effect a liberal instead of a strict construction of the moving papers, wholly contrary to settled principles in proceedings of this kind (*Desny* v. *Wilder, supra,* 725). We repeat that the procedure of sum-

mary judgment has been said to be "drastic and should be exercised with caution" (*Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264]), and any doubt as to the granting of such a judgment must be resolved against the moving party (*Whaley* v. *Fowler,* 152 Cal.App.2d 379, 381 [313 P.2d 97]). Hence any seeming hardship or injustice is outweighed by policy considerations recognized in the decisions.

Also, appellants' counteraffidavit has denied in substance the claims made by respondent and as they might defeat the motion must be accepted as true (*Beck* v. *Reinholtz,* 138 Cal. App.2d 719, 724 [292 P.2d 906]). It appears they are seeking to bring themselves, if possible, within the rule governing acquisition of adverse possession by mistake (*Sorensen* v. *Costa,* 32 Cal.2d 453, 465 [196 P.2d 900]) and while there are certain defects apparent in the counteraffidavit, it becomes unnecessary to discuss them since respondent's affidavits are not sufficient to sustain the judgment in its favor (*Coyne* v. *Krempels, supra,* 261; *Gardenswartz* v. *Equitable Life Assur. Soc., supra,* 751).

In view of the foregoing, we deem it unnecessary to discuss other points raised by respondent, and considered by us, relating to the sufficiency of its affidavits on the question of ownership by title, and the lack of any deficiency in the motion for summary judgment, in that it was noticed upon the affidavits as well as "the papers, pleadings, files, records, and proceedings in the action." It should be understood that we have considered the pleadings and the facts solely from the standpoint of their competency upon a summary judgment proceeding.

The attempted appeal from the judgment denominated "Order on Motion for Summary Judgment" dated August 5, 1957, is dismissed; the judgment dated September 3, 1957, from which this appeal has been taken, is reversed and the cause remanded for further proceedings.

White, P. J., and Fourt, J., concurred.