[Civ. No. 38106. Second Dist., Div. Five. Feb. 24, 1972.]

ELIZABETH M. BERRY, Plaintiff and Appellant, v.
BOARD OF RETIREMENT OF THE COUNTY OF LOS ANGELES
RETIREMENT ASSOCIATION, Defendant and Respondent.

## COUNSEL

Joslyn, Roeth, Angerhofer & Condon and R. B. Joslyn for Plaintiff and Appellant.

John D. Maharg, County Counsel, and Martin E. Weekes, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**STEPHENS, Acting P. J.**—The pertinent facts in this case are that Eugene Berry was an employee of the County of Los Angeles. At the time of his divorce from plaintiff (Elizabeth Berry), the community had $14,845.14 in the retirement fund. He was not at that time eligible to retire, and continued in active employment with the county until his death. At the time of death, he had a surviving spouse, Monica.

Pursuant to stipulation, the court, as part of the interlocutory judgment of divorce between the parties, had ordered: ". . . . In the event defendant [Eugene] elects to retire from his employment with the County of Los Angeles and accept a cash payment of monies in his retirement fund, defendant is ordered to pay one-half of the amount in said fund as of December 31, 1957, in the total amount of $7422.57, to the plaintiff [Elizabeth]; in the event the defendant does not elect to take cash, as aforesaid, and shall elect to exercise one of the other options available

under the County Retirement program, the Court shall retain jurisdiction to make its order respecting a fair and equitable distribution of the cash between defendant and plaintiff based upon the option exercised; . . . ." It is apparent that Eugene did not elect to withdraw the funds, and the only "election" he made was to substitute Monica for Elizabeth so far as designation of the spouse was concerned.

■ It is our opinion that the parties, Elizabeth and Eugene, by their stipulation which was carried verbatim into the judgment, elected to take the chance that Eugene would live to participate personally in retirement benefits; in this event, the court retained jurisdiction to order a proportion thereof to Elizabeth. It is also our opinion, as spelled out in *Waite* v. *Waite* (1972) 6 Cal.3d 461 [99 Cal.Rptr. 325, 492 P.2d 13], that the "community interest" which was divisible by the divorce court was either the funds on deposit at the time of the divorce, or the retirement benefits payable to Eugene during his lifetime and after his retirement as those payments became due and payable, or an actuarial equivalent of the retirement benefits reasonably expected to be paid to Eugene based upon the actuarial expectancy of the lives of Elizabeth and Eugene at the time of his retirement. The "community interest" valuation could not be engrafted into any benefits ultimately payable to a surviving spouse. By this statement we do not wish to be misunderstood: there is no question but that the court could have made an order directing Eugene to pay the amount of $7,422.57 to Elizabeth at the time of the interlocutory order,[1] but this it did not do; nor was this the purpose of the stipulation. The parties took their chances, and Elizabeth's community interest died at the same time as did Eugene's; thereafter, the only benefits were those belonging solely to the surviving spouse, Monica. (*Waite* v. *Waite, supra,* p. 473 and fn. 8.) At the time of the divorce proceedings, the parties made certain calculated determinations, by which Elizabeth is now bound.

The order is affirmed.

Aiso, J., and Reppy, J., concurred.

---

[1]"This is not to say that upon a division of the community estate [Elizabeth] could not have participated therein. Undoubtedly she had an interest which she could have asserted in the payments to [Eugene] during his lifetime, had she sought to do so. But after [Eugene's] death, the only right remaining was to enforce the [county's] covenant to make payments to the 'widow' [Monica, the surviving spouse]." (*Benson* v. *City of Los Angeles,* 60 Cal.2d 355, 360 [33 Cal.Rptr. 257, 384 P.2d 649].)