[Civ. No. 51833. Second Dist., Div. Four. July 31, 1978.]

In re the Marriage of ISA N. and CHESTER R. KASPER.
CHESTER R. KASPER, Appellant, v.
ISA N. KASPER, Respondent.

**COUNSEL**

O'Neill & Woolpert and Mark Woolpert for Appellant.

Lloyd E. Somogyi for Respondent.

**OPINION**

**KINGSLEY, J.**—The husband appeals from portions of a judgment dividing community property and awarding attorney fees to the wife. We affirm.

On November 12, 1975, the trial court entered an interlocutory decree of dissolution, reserving jurisdiction over child and spousal support, attorney fees and division of community property. On March 16, 1976, a final decree of dissolution was entered. On February 7, 1977, after a hearing, the trial court entered a supplemental judgment determining the matters reserved in the interlocutory decree. The husband has appealed; we affirm.

Although the notice of appeal is from the entire judgment entered on February 7, 1977, the briefs discuss only the division of community property and the award of attorney fees.

I

The parties owned a home with its furnishings, two automobiles, some personal property, stock, and an interest in the husband's retirement fund.[1] Insofar as is involved in the case at bench, the trial court awarded the full retirement rights to the husband and the home to the wife, with division of other assets to balance the values as found by the court.[2]

At the time of trial, the husband was 55 years of age, eligible to retire under his employer's retirement plan but with an option to continue working for an additional 10 years. The trial court accepted a valuation of the retirement plan given by the wife's expert, based on an actuarial method of valuation. ■ The husband here contends that the actuarial method of valuation should not have been followed but that some other method of dividing the retirement benefits should have been adopted.

■ That it was within the power of the trial court to award the entire retirement benefits to the husband, balancing the value of that asset, so assigned, by giving an equal amount of community property to the wife, is clear in light of *Phillipson* v. *Board of Administration* (1970) 3 Cal.3d 32 [89 Cal.Rptr. 61, 473 P.2d 765], where the Supreme Court said (at pp. 46-47):

"Finally, defendant contends that if pension rights are community property each spouse possesses an equal right in that property (Civ. Code,

---

[1] It is admitted that all of the retirement rights, as of the date of separation, were community property.

[2] The record shows that, adopting the method used by the trial court in valuing the retirement rights, the husband actually received more of the community property than did the wife. The husband does not here contend otherwise and the wife has not objected.

§ 161a, now § 5105); therefore, it argues, the divorce court must divide the pension rights equally, and any award of the share of one spouse to the other violates the prohibition against assignment of Government Code section 21201. [Fn. 15 omitted.] As we noted previously, the court in *Crossan* v. *Crossan, supra,* 35 Cal.App.2d 39, 40 [94 P.2d 609], awarded all pension rights to the employee and gave community property of equal value to his wife. All parties agree, and we concur, that if the community musters sufficient assets to do so, the preferable mode of division would be to award the pension rights to the employee and property of equal value to the spouse. Yet defendant's thesis would require an equal division of pension rights in *all* divorce cases involving state employees, thus barring the division adopted in *Crossan,* and here urged by plaintiff, defendant, and amicus curiae. [Italics in original.]

"Although the spouses enjoy equal interests in community property under Civil Code section 161a (now § 5105), former section 146 empowered the court to award the entirety of any asset to one spouse. Even in cases in which the court must divide the community property equally, it has never been supposed that each asset must be cleaved in twain, without regard to the wishes of the parties or the justice of the matter. We conclude that the possibility that upon divorce an asset may be awarded entirely to one spouse is one of the incidents of community property and, in a sense, a qualification of the equal interests of each spouse in each community asset. Hence the award of a community asset to one spouse is not the kind of transfer or conveyance of a property interest contemplated by section 21201's prohibition against assignment."

Although, in his reply brief in this court, the husband, for the first time, contends that some of the figures used by the wife's expert were wrong, the record shows that, after that expert had testified at length on the calculations leading to his ultimate estimate of value, the husband was offered the opportunity of offering contrary evidence and refused the offer. It was not unreasonable for the trial court to adopt the figures arrived at by the expert witness in the absence of any evidence indicating that the witness' assumptions and calculations were incorrect.

 In the trial court, and in this court, the husband contends that it was improper for the trial court to use the present value of the stream of payments over the husband's life expectancy as the value of the community property interest therein.

In *Berry* v. *Board of Retirement* (1972) 23 Cal.App.3d 757, at page 759 [100 Cal.Rptr. 549], the court expressly recognized the use of the actuarial

method as one legitimate alternative in dealing with retirement rights. In *In re Marriage of Skaden* (1977) 19 Cal.3d 679 [139 Cal.Rptr. 615, 566 P.2d 249], the Supreme Court, after discussing the respective merits of various modes of dealing with retirement rights, said (at pp. 688-689): "We believe that in cases of this kind the matter of the proper division of rights to termination benefits as marital property should be left to the sound discretion of the trial court, exercised in light of the particular circumstances of the case. We anticipate that in many instances the parties, seeking to achieve a final determination at the time of dissolution, may be able to reach some reasonable agreement and settlement relative to the present disposition of the rights in question. In cases where this is not possible the court will of necessity be called upon to make an assessment of the relative feasibility of present valuation by actuarial means (see generally Projector, *Valuation of Retirement Benefits in Marriage Dissolution* (1975) 50 L.A. Bar Bull. 229) before choosing between that approach and the expedient of reserving jurisdiction so as to determine value and effectuate a disposition of the property at some time in the future. . . ."

In the light of those authorities, we cannot say that, in this case, the trial court erred in adopting the actuarial method for valuation of the retirement rights herein involved.

## II

■ The trial court ordered the husband to pay (in addition to a $350 fee previously paid) $350 costs and $1,200 attorney fees. The husband attacks that award on the ground that the husband earned only about $300 a month more than the wife. The argument is frivolous. The record shows marked disparity not only in the gross income but in the responsibilities and expected living costs of the parties, including the need of the wife to care for a daughter with admitted mental and emotional difficulties. We cannot say that the trial court abused its discretion in the order complained of.

The judgment is affirmed.

Files, P. J., and Jefferson (Bernard), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 27, 1978.