[Civ. No. C000027. Third Dist. Feb. 23, 1987.]

In re the Marriage of SANDRA G. and PAUL K. VERLINDE.
PAUL K. VERLINDE, Respondent, v.
SANDRA G. VERLINDE, Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to rule 976.1 of the California Rules of Court, the Reporter of Decisions is directed to publish all portions of this opinion except parts II through VII.

Counsel

Guthrie, McCaleb & Graham and Jerry L. Guthrie for Appellant.

Thomas L. Upholt for Respondent.

Opinion

EVANS, J.—Sandra Verlinde (wife) appeals from portions of a judgment dividing community property, awarding child support, and denying her request for attorney fees and costs. We shall affirm.

Wife and Paul Verlinde (husband) were married on August 9, 1969, and separated on May 17, 1982. On May 27, 1982, husband filed a petition for dissolution of marriage. On December 7, 1982, Edward and Mary Garabedien, wife's parents, were joined as claimants to an interest in some real property at issue in the proceeding.

In a bifurcated proceeding, the trial court on March 22, 1983, entered an interlocutory decree of dissolution, reserving judgment over, inter alia, division of property, child support, and attorney fees and costs. On May 31, 1983, a final judgment of dissolution was entered.

The reserved issues were tried in July 1983. At the time of trial, husband and wife were both school teachers, and wife earned approximately $150 more than husband in gross monthly income. Husband and wife had two minor children of the marriage, Tracy, age 13, and Jason, age 9. The property at issue included, inter alia, a family residence on Northridge Drive in Citrus Heights, an interest in a duplex on Burnham Drive in Citrus Heights (to which claimants Mr. and Mrs. Garabedien claimed one-half interest), antiques and collectibles, and each spouse's respective interest in retirement benefits in the California Teachers Retirement System.

On April 12, 1984, the trial court entered a judgment on the bifurcated issues. Husband and wife were awarded joint legal custody of the children, and wife was awarded physical custody subject to husband's visitation time. Wife was awarded $150 per month per child in child support. Wife was awarded the family residence. The court denied Mr. and Mrs. Garabedien's claim to one-half interest in the duplex, concluding that any legal title they held in the property was held in a resulting trust for the benefit of husband and wife. Husband was awarded the duplex. Each spouse was awarded his or her respective community interest in the California Teachers Retirement

System. The court confirmed certain personal property and antiques and collectibles as the separate property of husband or wife, and awarded certain personal property and antiques and collectibles to the children. The remainder was found to be community property. The court ordered a receiver appointed to take possession of, inventory, and sell the community antiques and collectibles. The inventory was to identify "missing" items, and the court reserved jurisdiction to give appropriate credit for items not accounted for. Husband was awarded the first $26,559.24 from the net proceeds of the sale, representing an equalization of the division of community assets and obligations. The remainder was to be divided equally between husband and wife. The court reserved jurisdiction to modify the judgment or make other orders should the net proceeds of the sale be insufficient to make the equalization payment. Conveyances of the family residence and the duplex were ordered deferred pending receipt of the net proceeds of the sale of antiques and collectibles and a determination made whether the proceeds are sufficient for equalization and whether the division of property should be modified accordingly. The court ordered each party to bear his or her respective attorney fees and costs.

Wife alone appeals from the judgment, contending numerous errors in the trial court's valuation, characterization, and division of property; error in the amount of child support ordered; and error in denying her request for attorney fees and costs. None of wife's contentions has merit. We shall discuss each in turn.

I

Husband requested the trial court to assign a present actuarial value to each party's community retirement benefits and to award the benefits to each respective spouse, "cashing out" one against the other. Wife requested the court to reserve jurisdiction over division and payment of each party's retirement benefits until payments are actually received by each spouse or, alternatively, to find the present value of each approximately the same. Husband's actuary, Donald Parkyn, valued husband's present community interest in his retirement benefits at $46,929, and wife's at $59,514.[1]

---

[1]Mr. Parkyn's actuarial report is cited by husband as "Exhibit 26." We note that neither exhibit 26 nor any of the other numerous exhibits received into evidence at trial have been made a part of the record on appeal except those exhibits attached to and made a part of the trial court's judgment. We note further that both parties, in arguing the many points on this appeal, have liberally cited this court to exhibits received into evidence at trial. We caution counsel that exhibits not made part of the record on appeal may not be considered by this court, and we refer counsel to California Rules of Court, rule 10(d), regarding their responsibility to order up exhibits they desire reviewed.

922

Wife offered no actuarial report on her behalf. She stipulated to the receipt of Mr. Parkyn's report into evidence, her *only* objection being that the actuarial values, based on male/female mortality tables, was "unconstitutional." The trial court accepted Mr. Parkyn's actuarial values. The court further rejected wife's constitutional argument and accepted as a primary factor in the greater value of wife's retirement benefits the fact that females have statistically greater longevity. The court awarded the present value of the retirement benefits to each respective spouse, cashing them out. The cash necessary to equalize the division was ordered to be paid from the net proceeds of the sale of community antiques and collectibles. ▪ Wife contends on appeal that the trial court abused its discretion when it ordered the retirement benefits cashed out instead of reserving jurisdiction until the benefits would actually begin to pay.

The method in which community pension rights are divided is a matter within the trial court's sound discretion, considering the particular circumstances of the case.[2] (*In re Marriage of Skaden* (1977) 19 Cal.3d 679, 688 [139 Cal.Rptr. 615, 566 P.2d 249].) "[D]epending on the evidence before it, a myriad of considerations may have a bearing on the trial court's exercise of discretion in resolving the problem." (P. 689.)

In this case, the trial court relied on *Phillipson* v. *Board of Administration* (1970) 3 Cal.3d 32 [89 Cal.Rptr. 61, 473 P.2d 765], to cash out each pension plan's community interest. In *Phillipson,* our Supreme Court stated, "[I]f the community musters sufficient assets to do so, the preferable mode of division would be to award the pension rights to the employee and property of equal value to the spouse." (P. 46.) ▪ Although *Phillipson's* suggestion "was not intended to tie the hands of the trial court" (*In re Marriage of Brown* (1976) 15 Cal.3d 838, 848, fn. 10 [126 Cal.Rptr. 633, 544 P.2d 561]), it remains within the court's discretion to order a cash out, depending on the facts of each case and consistent with the equal division of assets required by Civil Code section 4800. (See *ibid.*; *In re Marriage of Skaden, supra,* 19 Cal.3d at pp. 688-689.)

In *In re Marriage of Kasper* (1978) 83 Cal.App.3d 388 [147 Cal.Rptr. 821], the parties owned a home with its furnishings, two automobiles, some personal property, stock, and an interest in the husband's retirement fund. Under such circumstances, the trial court did not abuse its discretion in awarding the husband the present actuarial value of his full retirement rights, with equalizing division of the other community assets. (Pp. 390-391.)

[2]The discretion is now codified in Civil Code section 4800.8, enacted in 1986. (Stats. 1986, ch. 686, § 1.)

In *In re Marriage of Bergman* (1985) 168 Cal.App.3d 742 [214 Cal.Rptr. 661], the court held it was no abuse of discretion to cash out an employee spouse's retirement benefits when there were sufficient community assets to award the nonemployee spouse property of equal value and when the method of division was otherwise equitable, workable, and practical. (Pp. 748-751.)

In the present case, the community assets consisted of two homes, household furniture and furnishings, two vehicles, other items of personal property, bank accounts, and an extensive number and variety of collectibles and antiques. The court ordered that a receiver take possession of all antiques and collectibles, inventory them, and identify any "missing" items. The community antiques and collectibles were to be sold, the proceeds of which would be used to equalize the division of community assets. The court further reserved jurisdiction to order appropriate credit to either party for "missing" items and also to modify the judgment in the event the net proceeds of the sale are insufficient to make the necessary equalization payment. ██ "[A]ppellate courts should not second guess the exercise of the broad discretion of trial courts in the absence of a clear showing of an abuse of that discretion." (*In re Marriage of Bergman, supra,* 168 Cal.App.3d at p. 751.) ██ ██ ██ ██ ██ Considering the extent of community assets available in this case, and considering the trial court's reservation of jurisdiction to insure a practical and equitable division after sale of the antiques and collectibles, wife has failed to sustain her burden of showing the trial court abused its discretion in cashing out the parties' respective pension rights.[3]

Wife alternatively contends it was "unconstitutional" for the court to accept the actuary's valuation of wife's pension benefits, because the valuation was based on a female mortality table. Wife relies on *Arizona Governing Committee* v. *Norris* (1983) 463 U.S. 1073 [77 L.Ed.2d 1236, 103 S.Ct. 3492]. Her reliance is misplaced. *Norris* held only that title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) prohibits an employer from paying a retired woman lower monthly benefits than a man who deferred the same amount of retirement contributions. (463 U.S. at pp. 1079-1086 [77 L.Ed.2d at pp. 1245-1250].) *Norris* limited the issue to "*an employment practice*" prohibited by title VII (p. 1087, fn. 17 [77 L.Ed.2d at pp. 1250-1251]; italics in original) and expressly declined to consider

[3]Wife argues for the first time on appeal that she suffers from a medical condition that may require early retirement and that there is no evidence the actuary considered this. Because wife presented no evidence below suggesting she may be forced into early retirement, and because the actuarial report was not challenged below on this ground, we reject wife's contention on appeal that the present value of her retirement benefits are overstated. In any event, health is only one of many factors to be considered in deciding which method to use in dividing retirement benefits. One spouse's health condition does not automatically deprive a court of its discretion to cash out pension plans. (*Bergman, supra,* 168 Cal.App.3d at pp. 748-750.)

whether the practice at issue would also violate the equal protection clause of the Fourteenth Amendment (p. 1078, fn. 4 [77 L.Ed.2d at p. 1245]). Wife's argument that *Norris* merely used title VII as a "conduit" to enunciate a constitutional principle is not well taken. *Norris* is simply inapposite, as the trial court correctly found. Wife's reliance on *Los Angeles Dept. of Water & Power* v. *Manhart* (1982) 435 U.S. 702 [55 L.Ed.2d 657, 98 S.Ct. 1370], another title VII case, is similarly misplaced. The trial court properly valued wife's retirement benefits. Wife has cited no authority to persuade us that she was denied equal protection of the law when the court considered her statistically greater longevity.

## II-VII*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment is affirmed.

Regan, Acting P. J., and Sims, J., concurred.

---

*See footnote, *ante,* page 918.