[Crim. No. 13867.   Second Dist., Div. Four.   Apr. 12, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. PHOCIAN
BLACKSHEAR, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of
Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, Robert R. Granucci and James B. Cuneo, Deputy Attorneys General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with the sale of heroin in violation of section 11501 of the Health and Safety Code. Defendant appeared, the public defender was appointed, defendant was arraigned, and the matter was continued. Defendant appeared with counsel and entered a plea of not guilty. Trial by jury was had, a verdict of guilty was returned, a probation report was ordered and the matter continued twice. A motion for a new trial was denied, probation was denied, and defendant was sentenced to state prison for the term prescribed by law. Defendant appealed.

On December 5, 1966, Officer Bohana, a police officer for the City of Los Angeles was working as an undercover officer. The officer had been a police officer for about a month and a half. Officer Bohana and Wellman Richards, Jr., an informant, drove to 6th and Stanford Streets where the officer had previously purchased narcotics. Before leaving their vehicle, the officer gave the informant a $10 bill. The officer approached a group of men standing on a corner, the informant approached defendant and, after a brief conversation, the officer observed their hands meet in what he assumed to be an exchange. Officer Bohana was standing about 2 feet from the informant and 3 feet from defendant. The officer and Richards then returned to the vehicle. The informant was in the unobstructed view of the officer except when they entered the vehicle from opposite sides.

After entering the vehicle Richards handed Bohana a red balloon which was small, tightly wrapped, and it contained a small round object. It was stipulated that the balloon contained heroin and the balloon and its contents were admitted into evidence.

On cross-examination, Officer Bohana testified that he learned defendant's name by identifying his picture while looking through mug shots. On redirect examination, he testified that he identified this picture approximately two weeks after the sale while looking through pictures of known narcotic users and pedlers.

Defendant was arrested January 19th, within a few blocks of the place where the sale was made on December 5th. At the time of the arrest defendant was wearing a sweater, a long

coat, and the same green cap which he had worn on the day of the sale. After viewing defendant in court, Officer Bohana testified that he was positive defendant was the man who dealt with Richards on December 5th. Bohana testified that defendant was wearing similar clothing on the day of the sale.

The informant, a narcotic addict, was paid $10 for his services. The officer did not search the informant on the day of the alleged transaction and in the police report the officer described defendant as weighing 155 pounds. Officer Bohana could not remember weather conditions on the day of the arrest.

Defendant testified that at the date of the trial he weighed 215 pounds, and on December 5th he weighed 210 pounds; that he was not engaged in the transaction to which the officer testified; and that he was at his mother's home and not at 6th and Stanford on December 5th.

Defendant argues that the evidence is insufficient to support the verdict, that a prejudicial hearsay statement was admitted into evidence, and that defendant was inadequately represented by counsel.

I

Defendant's argument on the sufficiency of the evidence is two-fold. ▮ Defendant first contends that the prosecution failed to sustain its burden of proving the quantity of narcotics involved. Defendant cites *People* v. *Leal* (1966) 64 Cal.2d 504 [50 Cal.Rptr. 777, 413 P.2d 665], for the proposition that the prosecution must prove that the quantity of heroin was suitable for use. *People* v. *Leal* is limited in its application to situations where the possession of narcotics were of minute traces or residue only. The test which *Leal* lays down is found in the following language, with which that opinion closes: "We conclude that the statutory differentiation of the various crimes as well as the history of the cases culminating in *Sullivan* [*People* v. *Sullivan* (1965) 234 Cal.App.2d 562 [44 Cal. Rptr. 524]] show that in penalizing a person who possesses a narcotic the Legislature proscribed possession of a substance that has a narcotic potential; it condemned the commodity that could be used as such. It did not refer to *useless* traces or residue of such substance. Hence the possession of a minute crystalline residue of narcotic useless for either sale or consumption, as *Sullivan* points out, does not constitute sufficient evidence in itself to sustain a conviction." (*People*

v. *Leal, supra* (1966) 64 Cal.2d 504, 512.) It follows that, when the prosecution is for sale rather than for mere possession, the fact that the parties treated the amount delivered as being a saleable quantity is some evidence that it had the requisite "narcotic potential." At least in the absence of some contrary evidence at the trial, this evidence is sufficient to meet any requirement imposed by *Leal*. In the case at bench, the balloon and its contents were before the trial court and jury. Had there been any doubt as to its being of sufficient quantity, the experienced trial counsel would have raised that issue; he did not.

## II

The second aspect of defendant's sufficiency of the evidence argument is that there was a fatal gap in the evidence. Defendant argues that the officer did not search the informant before and after the transaction, that the officer did not see what was exchanged, and that the informant was not in the officer's view when the officer went to the driver's side of the car, thus making it possible for the informant to pocket the $10 and produce the narcotic-filled balloon himself.

Defendant's argument is well taken. Many cases dealing with similar fact situations have held that there was a fatal gap in the evidence. (See *People* v. *Robison* (1961) 193 Cal. App.2d 410 [14 Cal.Rptr. 181]; *People* v. *Lawrence* (1959) 168 Cal.App.2d 510 [336 P.2d 189]; *People* v. *Morgan* (1958) 157 Cal.App.2d 756 [321 P.2d 873]; *People* v. *Richardson* (1957) 152 Cal.App.2d 310 [313 P.2d 651]; *People* v. *Barnett* (1953) 118 Cal.App.2d 336 [257 P.2d 1041].) In *People* v. *Ollado* (1966) 246 Cal.App.2d 608 [55 Cal.Rptr. 122], the court said that, in a prosecution for illegal sale of heroin where the alleged sale takes place through an informer, even where there is no search of the informer and no direct evidence that the informer received anything from defendant, identification of defendant as the supplier of the narcotic may be established by other evidence which reasonably and logically supports that fact. In the *Ollado* case there was other evidence of prior crimes by the defendant. In the case at bench we are unable to find additional evidence to lend support to the conviction. In view of the fact that the informer was not searched, the informer was out of the officer's sight for a moment, and the officer did not see what, if anything, was exchanged, we hold there was a fatal gap in the evidence, and that the evidence if not sufficient to support the verdict.

Since the case must be reversed for that reason, we need not discuss the other alleged errors urged on us by counsel.

The judgment is reversed; the attempted appeal from the order denying a new trial is dismissed.

Files, P. J., and Jefferson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 5, 1968.