19 Cal.App.3d 960 (1971)
97 Cal. Rptr. 283
THE PEOPLE, Plaintiff and Respondent,
v.
DONALD RODNEY SIMMONS, Defendant and Appellant.
Docket No. 19001.
Court of Appeals of California, Second District, Division One.
September 8, 1971.
*963 COUNSEL
Beatrice H. Armstrong, under appointment by the Court of Appeal, for Defendant and Appellant.
Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Herbert A. Levin, Deputy Attorney General, for Plaintiff and Respondent.
OPINION
LILLIE, Acting P.J.
Defendant was convicted of possession of heroin (§ 11500, Health & Saf. Code); he appeals from the judgment.
Around 2:20 a.m. on January 29, 1969, Officers Niles and Smith, in a patrol car, observed defendant, driving a blue 1967 Cadillac, make a U-turn in a business district (§ 22102, Veh. Code); they signaled him to pull up to the curb but instead of stopping defendant continued on, made a left turn, then a right turn into a gas station; they followed and stopped behind him. Officer Niles got out and approached defendant's vehicle; when he was within five feet of the door adjacent to the gas pumps he saw defendant step out of the vehicle and drop to the ground from his left hand a red balloon and chrome needle; the items fell next to the gas pumps; he picked them up, examined the balloon and needle, found the balloon to contain heroin and arrested defendant; he then told the attendant not to put gas in defendant's car. The lighting was excellent in the area and there was nothing on the ground around the needle and balloon. The officer advised defendant of his constitutional rights; asked if he understood them, defendant answered in the affirmative. Defendant then told the officers he had a $10-a-day habit and had "fixed" about two hours before. At headquarters defendant said to Officer Niles, "Don't book my kit."
Officer Smith, who was called as a witness by the defense, testified he stopped at the rear of defendant's vehicle in the gas station; from there he did not see defendant's left or right hand when he got out of the vehicle and did not see anything drop; Officer Niles immediately picked up what defendant had dropped and arrested him; he examined defendant and found needle marks, needle tracks and old scars on his arms; after he was advised of his constitutional rights defendant told Officer Niles that he had a $10-a-day habit. Two attendants at the gas station testified for defendant. Defendant told one of them he wanted $2 worth of ethyl; defendant was out of the car a minute or two standing by the pump and the attendant was about to *964 put gas in the car when the police arrived and one officer told him not to pump any gas and the other began to search on the ground among the debris with his flashlight; the officer found a red balloon on the opposite side of the island from the door of defendant's car; the balloon was from two to four yards from the place the officer began to look; frequently contraband has been found on the ground at this station. Defendant did not testify.
(1a) Appellant's contention that he had neither possession nor dominion and control of the heroin is without merit. It is predicated on his own interpretation of the evidence  that he did not have the balloon in his hand or drop it and Officer Niles found it in some debris three or four yards from his car on the other side of the island after searching around with his flashlight. He points up conflicts in the evidence and asks us to resolve them in a manner consistent with his innocence. (2) It is the exclusive function of the trier of fact to pass on the credibility of witnesses, resolve any conflicts and determine the weight to be accorded the evidence; a reviewing court may not reappraise the credibility of witnesses or reweigh the evidence. (People v. De Paula, 43 Cal.2d 643, 649 [276 P.2d 600]; People v. Jones, 36 Cal.2d 373, 375 [224 P.2d 353].) Also, contrary to appellant's assertion that the trial judge based his conclusion not on credibility but on the circumstantial and physical facts, the judge, when asserted conflicts were called to his attention, merely stated that the case "does not have to be based upon credibility" since the circumstantial and physical facts show that Officer Niles must have seen something fall from defendant's hand otherwise he would not have been looking for it. However, it is evident that the judge not only carefully weighed the evidence but determined that Niles told the truth  "I don't find anything to warrant believing the officer didn't see what he said he saw...." (3) In any event, whatever remarks the judge made before making his determination of guilt may not be used by appellant in an attempt to impeach that determination by showing that the judge applied erroneous reasoning or misapplied the law in reaching it. (People v. Grana, 1 Cal.2d 565, 571 [36 P.2d 375].)
(4) "This court must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] If the circumstances reasonably justify the trial court's findings, reversal is not warranted merely because the circumstances might also be reasonably reconciled with a contrary finding. [Citations.] (5) The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact; it is not whether guilt is established beyond a reasonable doubt. [Citation.]" (People v. Redmond, 71 Cal.2d 745, 755 [79 Cal. Rptr. *965 529, 457 P.2d 321]; People v. Williams, 5 Cal.3d 211, 214 [95 Cal. Rptr. 530, 485 P.2d 1146].) (1c) The evidence clearly shows that upon the approach of Officer Niles defendant dropped the balloon of heroin and the needle from his hand.[1] This establishes that defendant had actual physical possession of the contraband and dominion and control over it. (People v. Von Latta, 258 Cal. App.2d 329, 338-339 [65 Cal. Rptr. 651].) While knowledge of the presence of the contraband would not necessarily establish defendant's knowledge of its character (People v. Williams, supra, 5 Cal.3d 211, 215), in light of the circumstances here "the mere possession of a narcotic constitutes substantial evidence that the possessor of the narcotic knew of its nature. [Citations.]" (People v. White, 71 Cal.2d 80, 83 [75 Cal. Rptr. 208, 450 P.2d 600]; cf. People v. Williams, supra, 5 Cal.3d 211, 216.) Defendant had the contraband in his hand, compelling proof he knew what he possessed and its nature (see People v. Anderson, 6 Cal. App.3d 364, 371 [85 Cal. Rptr. 669]); he admitted his familiarity with drug use (People v. Newman, 5 Cal.3d 48, 53 [95 Cal. Rptr. 12, 484 P.2d 1356]); when he saw the officers he attempted to dispose of the contraband by dropping it to the ground; with the heroin, he dropped a hypodermic needle; he said he had "fixed" two hours before and had a $10-a-day habit and asked the officers not to book his "kit" (People v. Redrick, 55 Cal.2d 282, 287-288 [10 Cal. Rptr. 823, 359 P.2d 255]; People v. Mermuys, 2 Cal. App.3d 1083, 1089-1090 [82 Cal. Rptr. 902]); and he had numerous needle marks, tracks and scars on his arms. There can be no doubt that he knew the narcotic nature of the contraband in his hand.
(6a) While he raised no such issue at the trial, appellant now contends the evidence is insufficient to establish that the quantity of narcotic found was more than "de minimis." Relying on People v. Leal, 64 Cal.2d 504 [50 Cal. Rptr. 777, 413 P.2d 665], he argues that inasmuch as the record fails to show the quantity of heroin involved there is no proof it was usable.
"People v. Leal is limited in its application to situations where the possession of narcotics were [sic] of minute traces or residue only." (People v. Blackshear, 261 Cal. App.2d 65, 67 [67 Cal. Rptr. 662].) In the absence of *966 any suggestion in the record that only "minute traces or residue" were involved, the testimony of Officer Niles that the balloon contained a brownish powdery "substance," the stipulation that "the powder" in the balloon was heroin and the testimony of the station attendant that the appearance of the balloon was such that he thought "it contained something,"[2] are sufficient to establish that the heroin defendant possessed "created a potentiality for future use or sale." (People v. Leal, supra, 64 Cal.2d 504, 512.) We decline to speculate as does appellant in his brief that "there is still the probability in the absence of testimonial evidence to the contrary, that the amount of narcotic involved was de minimis," for we are bound to presume in support of the judgment the existence of every fact the trial judge could reasonably deduce from the evidence. (People v. Redmond, 71 Cal.2d 745, 755 [79 Cal. Rptr. 529, 457 P.2d 321].) (7) The question whether certain contraband exists in usable quantity is a factual question (People v. Leal, 64 Cal.2d 504, 512 [50 Cal. Rptr. 777, 413 P.2d 665])  for the jury under proper instructions (People v. Harris, 15 Cal. App.3d 498, 501-502 [93 Cal. Rptr. 285]; People v. Johnson, 5 Cal. App.3d 844, 847-850 [85 Cal. Rptr. 238]) or for the trial judge if the case is tried to the court. (6b) The balloon and its contents (Exh. 1) were before the committing magistrate and a trial judge long experienced in the field of criminal law. Had there been any doubt as to the heroin being a usable quantity under People v. Leal, 64 Cal.2d 504 [50 Cal. Rptr. 777, 413 P.2d 665], the judge would have considered it, and competent trial counsel who represented defendant at both the preliminary hearing and the trial and who raised various other issues on behalf of his client, would have raised the issue, but he did not. (People v. Blackshear, 261 Cal. App.2d 65, 68 [67 Cal. Rptr. 662].) The foregoing related evidence, in the absence of any objection to the receipt of Exhibit 1 in evidence (People v. Reyes, 273 Cal. App.2d 769, 772 [78 Cal. Rptr. 733]) and any intimation that the amount constituted only a minute quantity of narcotic residue, supports the implied finding of the trial judge that defendant was in possession of a usable quantity of heroin. Appellant does not contend that the heroin was so altered from its original form as to be useless for narcotic purposes.
(8) Again basing his argument on evidence favorable to him, appellant claims the "search" was illegal because it was not incident to a lawful arrest, he not having been arrested for the traffic violation. He says the balloon and needle were not in "open view" because of their minuteness in size and the necessity for a flashlight search. First, on its merits the contention is *967 without substance for no "search" took place. The evidence shows there was no search of either defendant's person or vehicle; that when the officer was within five feet of the door of defendant's vehicle he saw defendant exit and in doing so drop the balloon and the chrome needle to the ground with his left hand; the officer immediately picked them up. They were both in plain sight next to the gas pumps  there was nothing else (trash or debris) around the balloon and needle, and the lighting was excellent. The officers may seize contraband "in plain sight," and under the circumstances there is, in fact, no search for evidence. (People v. Marshall, 69 Cal.2d 51, 56 [69 Cal. Rptr. 585, 442 P.2d 665]; People v. Duke, 276 Cal. App.2d 630, 636 [81 Cal. Rptr. 69].) Defense witnesses testified that Officer Niles used a flashlight to scan the area but the People's evidence establishes that he saw defendant drop the items and went directly to where he saw them land and picked them up. There was no searching through debris as appellant urges. Even had the officer used a flashlight it would not alter the lawful observation of that which was in view (People v. Superior Court [Mata] 3 Cal. App.3d 636, 639 [84 Cal. Rptr. 81]). Second, defendant neither objected to the receipt of Exhibit 1 in evidence nor raised this issue in the trial court; his failure to do so precludes him from now attacking the admissibility of the balloon and needle. (People v. Robinson, 62 Cal.2d 889, 894 [44 Cal. Rptr. 762, 402 P.2d 834].)
The judgment is affirmed.
Thompson, J., and Clark, J., concurred.
NOTES
[1] Officer Niles testified variously: "he [defendant] stepped out of the vehicle and in doing so, with his left hand he dropped a red balloon and a chrome needle to the ground"; "I seen him drop it as soon as he exited"; "I seen the red object [balloon] and the chrome object drop from his hand," and in answer to the question, "Did you see it come out of his hand?" he answered, "Yes. I did"; and the following questions were asked on cross-examination: "Q Did the defendant drop the balloon immediately upon exiting the car? A Yes, he did. Q Now, are you telling us that you got to within 5 feet of the defendant by the time he simply exited his car and dropped the balloon? A That is correct. Q Did you get out of the car before or after the defendant exited his car? A I got out before he exited his car."
[2] Mr. Simpson, gas attendant and defense witness, testified on cross-examination concerning the balloon: "Q Did it look like it contained anything? A I guess it did. Q Did it look like it was deflated or did it contain something? A It contained something, I guess."