[Crim. No. 19864. Second Dist., Div. Three. Dec. 6, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
JERRY CALVIN MURRAY, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, Jr., District Attorney, Harry Wood and Arnold T. Guminski, Deputy District Attorneys, for Plaintiff and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**ALLPORT, J.**—By information defendant was charged with a violation of Health and Safety Code section 11501 (selling heroin). His motion under Penal Code section 995 was granted and the case dismissed. The People appeal from the order setting aside the information. The appeal lies. (Pen. Code, § 1238, subd. (a)(1).)

At the preliminary hearing Francisco Garcia, a police officer of the City of Los Angeles, testified that on the day in question he was assigned to the administrative narcotic division buy team. A person named Julio, previously unknown to Garcia, was assigned to work with him. Julio was to help buy dope. Garcia had not searched Julio. While on San Pedro Street, Julio observed defendant and said to Garcia, "Give me $8.00. There goes J. C." Garcia gave him eight one dollar bills. Garcia and Julio got out of their car, crossed San Pedro and approached defendant and his female companion. Julio said to defendant, "Why don't you let me have a bag for $7, I need a dollar for gas." Garcia believed he was referring to a bag of heroin. Defendant said "Okay" and was handed $7 by Julio. After taking the money defendant said, "Pine will give it up." Garcia and Julio entered the lobby of the El Rey Hotel. Julio said "Pine isn't here." Defendant then entered the lobby and was told by Julio that Pine was not there. Defendant said he would go and get Pine. Defendant left the lobby and returned in about five minutes. Garcia and Julio approached defendant. Julio extended his right arm toward defendant who also extended his. Their hands met. Julio then turned and handed Garcia one orange balloon (later determined to contain heroin). Garcia did not see the balloon until it was being handed to him by Julio. On this evidence defendant was bound over to answer. ■ The section 995 motion was granted, apparently under compulsion of the holding of this court in *People* v. *Blackshear*, 261 Cal.App.2d 65 [67 Cal.Rptr. 662]. It was then and it is now argued that since Julio had not been searched prior to the transaction, there was a gap in the evidence requiring the dismissal of the information. We do not agree.

■ The function of the trial court in reviewing an order of the magistrate made pursuant to section 995 is stated in *People* v. *Heard*, 266 Cal. App.2d 747, 749-750 [72 Cal.Rptr. 374]: "However, in considering a motion to dismiss under Penal Code section 995, the superior court is sitting as a reviewing court and is bound by the rules enunciated in *Perry* v. *Superior Court*, 57 Cal.2d 276, 283-284 [19 Cal.Rptr. 1, 368 P.2d 529]; 'Although the magistrate, in reaching his decision [to hold an accused to answer following a preliminary hearing], may weigh the evidence, resolve

conflicts, and give or withhold credence to witnesses, *such a balancing of the evidence is not within the powers of a tribunal reviewing the magistrate's order.* [Citation.]' (Italics added.)

"The propriety of this rule is particularly apparent when, as in the instant case, the superior court sitting as a court of review under Penal Code section 995 is asked to consider a terse and limited record of a preliminary hearing involving an issue that may be relitigated in a full and adversary hearing either at the time of trial or at a hearing upon a defendant's motion to suppress evidence under Penal Code section 1538.5. As aptly stated in *Badillo* v. *Superior Court,* 46 Cal.2d 269, 271-272 [294 P.2d 23]:

" 'No problem is presented in applying this rule [excluding illegally obtained evidence] in cases involving searches and seizures in which the facts bearing on the legality of the search or seizure are undisputed and establish as a matter of law that the evidence is or is not admissible. In many cases, however, the evidence before the magistrate bearing on this issue may be in conflict or susceptible of conflicting inferences or consist *only of the testimony of prosecution witnesses,* and under these circumstances the court in ruling on a motion to set aside the information will frequently not be in a position to make a *final* determination as to the admissibility of the evidence. *Accordingly, the information should not be set aside on the ground that essential evidence was illegally obtained if there is any substantial evidence or applicable presumption to support a contrary conclusion [citations], and in such cases the ultimate decision on admissibility can be made at the trial on the basis of all of the evidence bearing on the issue.'* (Italics added.)"

The function of the reviewing court is even more clearly explained in *Rideout* v. *Superior Court,* 67 Cal.2d 471 at page 474 [62 Cal.Rptr. 581, 432 P.2d 197]: "Evidence that will justify a prosecution need not be sufficient to support a conviction. (*Lorenson* v. *Superior Court,* 35 Cal.2d 49, 56 [216 P.2d 859]; *People* v. *Willmirth,* 247 Cal.App.2d 513, 514 [55 Cal.Rptr. 678]; see *People* v. *McRae,* 31 Cal.2d 184, 187 [187 P.2d 741].) ' "Probable cause is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." ' (*Jackson* v. *Superior Court,* 62 Cal.2d 521, 525 [42 Cal.Rptr. 838, 399 P.2d 374]; *Robison* v. *Superior Court,* 49 Cal.2d 186, 188 [316 P.2d 1]; *Lorenson* v. *Superior Court, supra,* at p. 56.)

An information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. (*De Mond* v. *Superior Court, supra,* 57 Cal. 2d 340, 344 [19 Cal.Rptr. 313, 368 P.2d 865]; cf. *Jackson* v. *Superior Court,*

*supra,* at p. 525; *People* v. *Crosby,* 58 Cal.2d 713, 719 [25 Cal.Rptr. 847, 375 P.2d 839].)

"A reviewing court may not substitute its judgment as to the weight of the evidence for that of the magistrate, and, if there is some evidence to support the information, the court will not inquire into its sufficiency. (*Perry* v. *Superior Court,* 57 Cal.2d 276, 283 [19 Cal.Rptr. 1, 368 P.2d 529]; *People* v. *Jablon,* 153 Cal.App.2d 456, 459 [314 P.2d 824]; cf. *Jackson* v. *Superior Court, supra,* at p. 525.) Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information. (*People* v. *Cron,* 207 Cal.App.2d 452, 457 [24 Cal.Rptr. 586]; cf. *Jackson* v. *Superior Court, supra,* at p. 530.)"

In light of these principles we conclude that there was evidence supportive of the magistrate's conclusion that probable cause existed to believe defendant was guilty of the charge of violating section 11501 of the Health and Safety Code. While it is true that Officer Garcia had not previously searched Julio and did not see the actual transfer of the balloon itself from defendant to Julio, the transfer of the contraband was supported by inferences reasonably drawn from the totality of the circumstances as set forth above. Here Julio and defendant were constantly observed by Garcia. It was clear that defendant had heroin available for sale. Julio was not shown to have had any heroin of his own or that he had been engaged in selling it to others. In *People* v. *Ollado,* 246 Cal.App.2d 608 [55 Cal.Rptr. 122], the court said at pages 611 and 614: "Even when there is no search of the informer and no direct evidence that the informer received anything from the defendant, identification of the defendant as the supplier of the narcotic may be established by other evidence which reasonably and logically tends to prove that fact. (*People* v. *Valencia,* 156 Cal.App.2d 337 [319 P.2d 377]; *People* v. *Sauceda,* 199 Cal.App.2d 47 [18 Cal.Rptr. 452].)"

"The trial court found the evidence sufficient to prove that appellant and not Brown furnished the heroin on the 12th. This result was reached by weighing the probabilities to determine whether it was more reasonable to infer that the narcotic was furnished by Ollado, who had heroin and was willing to sell it, than by Brown who was not proved to have any heroin of his own or to have been engaged in selling it for others.

"We could not disagree with the court's factual determination unless we were convinced that it was illogical and unreasonable, which we cannot do. It was by far the more reasonable of the two conclusions the court could have reached."

We do not believe *People* v. *Blackshear, supra,* 261 Cal.App.2d 65, to

be compelling of a conclusion contrary to that reached herein. The court in *Blackshear* was impressed with the defendant's argument as to a fatal gap in the evidence which argument was in part as follows: "Defendant argues that the officer did not search the informant before and after the transaction, that the officer did not see what was exchanged, and that the informant was not in the officer's view when the officer went to the driver's side of the car, thus making it possible for the informant to pocket the $10 and produce the narcotic-filled balloon himself." (P. 68.) In accepting the argument as sound the court said: "In the case at bench we are unable to find additional evidence to lend support to the conviction. In view of the fact that the informer was not searched, the informer was out of the officer's sight for a moment, and the officer did not see what, if anything, was exchanged, we hold there was a fatal gap in the evidence, and that the evidence if [*sic*] not sufficient to support the verdict." (P. 68.) *Blackshear* is thus distinguishable since, in the instant case, the evidence supports the inference that the informer (Julio) was never out of the officer's sight during the transaction. The possibility of Julio's pocketing the money and producing the heroin by himself was not the only reasonable inference to be deduced from the facts. While not conclusive of a finding of guilt, we cannot say that there was no evidence in this record to support the order binding defendant over for trial.

The order appealed from is reversed.

Schweitzer, Acting P. J., and Cobey, J., concurred.