[Crim. No. 14450. First Dist., Div. Three. June 21, 1976.]

THE PEOPLE, Plaintiff and Appellant, v.
WILLIAM ARTHUR DICKINSON, Defendant and Respondent.

### COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Deputy Attorney General, Clifford K. Thompson, Jr., and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Appellant.

Joseph Giovanazzi for Defendant and Respondent.

### OPINION

**BROWN (H. C.), J.**—This is an appeal by the People from the dismissal of an action for perjury (Pen. Code, § 118), following the granting of a motion pursuant to Penal Code section 995.

The charge of perjury contained in the information was based upon the allegedly false testimony of defendant in the trial of a civil action in the Superior Court of Contra Costa County entitled *Simmons* v. *Southern Pacific Transportation Co., et al.* In that action defendant identified himself as Allen William Dickenson. He attempted to qualify himself as an expert witness by testifying that in 1946 he graduated from Cambridge University in England with a bachelor's degree and received a master's degree in 1949. He also testified that he was a standing consultant on the engineering curriculum at U.C.L.A., that he was a consultant in the development of the Lockheed 747 for the Lockheed Aircraft Corporation, and further, that he was project and engineering director in the C stage of the Saturn Five project. At the preliminary hearing, to establish that the above statements made by respondent were false, the prosecution introduced an exhibit to show that respondent testified falsely as to his name. This exhibit consisted of a certification by the District Director of the Immigration and Naturalization Service, Department of Justice; a document from the Ontario Provincial Police; a certified copy of an entry of birth; an application for an immigration visa and an alien registration; all showing respondent's name to be William Arthur Dickinson and not Allen William Dickenson, the name he had given at the *Simmons* trial. This exhibit was admitted into evidence pursuant to Evidence Code sections 1280 and 1452 as official documents of the United States Department of Immigration. A picture of William Arthur Dickinson contained therein was found by the court to be that of defendant.

In addition, Russell R. O'Neill, dean of the school of engineering, U.C.L.A., testified in person that no position of standing consultant on the engineering curriculum existed at U.C.L.A., and that in November 1973, when defendant testified, U.C.L.A. did not have any consultants to their engineering curriculum. Dean O'Neill further testified that, to his knowledge, no person by the name of Allen William Dickenson or William Arthur Dickinson had been associated with U.C.L.A. in the capacity of advisor to the engineering faculty.

Also admitted into evidence was an affidavit by the custodian of records for Lockheed Aircraft Corporation, stating that defendant had not been employed by or associated with Lockheed in any capacity. An affidavit by the custodian of business records of U.C.L.A. school of engineering and another by Dean O'Neill of the school of engineering were admitted, disclosing that defendant had never been employed by the school of engineering of U.C.L.A. A like affidavit was introduced to disclose that defendant had not been employed as a director for the C stage of Saturn Five.

On the basis of this evidence, the defendant was held to answer on the charge of perjury. At the hearing of the 995 motion, the court held that the affidavits were inadmissible and dismissed the proceedings.

■ We have concluded that properly authenticated business records or testimony by the custodian of those records are admissible to establish the absence of entries on those records. ■ Affidavits, however, attesting to information contained in those records or to the absence of entries is inadmissible hearsay and violative of a defendant's constitutional rights in a criminal action to confrontation of witnesses. While we hold the affidavits inadmissible, we have concluded that there was sufficient other evidence presented to lead a reasonable person to believe that the crime of perjury had been committed by defendant Dickinson and that he should be held to answer on that charge.

We address first the contention of the Attorney General that the affidavits attesting to the fact that defendant had not been employed by Lockheed, by the school of engineering of U.C.L.A., or as a director for the C stage of Saturn Five, were admissible in evidence.

■ Section 1272 of the California Evidence Code provides that *evidence* of the absence from the records of a business is admissible upon the proof of certain foundational facts relevant to the trustworthiness of

the records from which the entry is absent.[1] Section 1272 does not, however, specify in what form evidence of the absence may be admitted; for example, by testimony of a witness, by the admission of the records, or by affidavit.[2]

■ "Ordinarily, affidavits may not be used in evidence unless permitted by statute." (*Estate of Fraysher* (1956) 47 Cal.2d 131, 135 [301 P.2d 848]; *Fewel v. Fewel* (1943) 23 Cal.2d 431, 438 [144 P.2d 592].) ■ By reference to the statute permitting admission by affidavit of the foundational facts supporting the admission of a business record (Evid. Code, §§ 1560, 1561), the Attorney General seeks to persuade us that evidence of absence may be admitted by affidavit. We do not agree.

Evidence Code section 1560 provides for the means of complying with a subpoena duces tecum for business records. Evidence Code section 1561 provides that the records may be accompanied by an affidavit of the custodian or other qualified witness attesting to the foundational facts, although the personal attendance of the custodian may be required. (See Evid. Code, § 1564.) Subdivision (b) of section 1561 reads: "If the business has none of the records described, or only part thereof, the custodian or other qualified witness shall so state in the affidavit, and deliver the affidavit and such records as are available in the manner provided in Section 1560."

Assuming arguendo that the above subdivision would permit evidence, over objection, of the absence of an entry in a record by affidavit in a civil action, it is clear that in criminal proceedings such evidence would violate the defendant's right to confront witnesses against him guaranteed by the Sixth Amendment of the federal Constitution and by article I, section 15, of the California Constitution.

---

[1] Section 1272 provides: "Evidence of the absence from the records of a business of a record of an asserted act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the nonoccurrence of the act or event, or the nonexistence of the condition, if:

"(a) It was the regular course of that business to make records of all such acts, conditions, or events at or near the time of the act, condition, or event and to preserve them; and

"(b) The sources of information and method and time of preparation of the records of that business were such that the absence of a record of an act, condition, or event is a trustworthy indication that the act or event did not occur or the condition did not exist."

[2] Compare section 1284 where the Legislature has specifically allowed for evidence of a writing to be admitted in proving the absence of an entry in an *official* record.

The right of cross-examination is an essential safeguard of a fair trial and a major reason for the confrontation rule is to give the defendant the opportunity to cross-examine. (*Pointer* v. *Texas* (1965) 380 U.S. 400 [13 L.Ed.2d 923, 85 S.Ct. 1065].) █ When the only evidence of the absence of an entry in a record is by affidavit, the defendant has no opportunity to pose the multitude of questions which might occur concerning, for example, the extent and adequacy of the search for the entry.

█ There are other permissible means of introducing evidence of the absence of an entry. The records themselves may be admissible depending upon the trustworthiness of the circumstances surrounding the making of the record. (*People* v. *Aguilar* (1971) 16 Cal.App.3d 1001, 1004 [94 Cal.Rptr. 492].) Moreover, we do not mean to suggest that the foundational facts attesting to the circumstances under which the records were prepared may not be introduced in a criminal case by affidavit. (See *People* v. *Blagg* (1968) 267 Cal.App.2d 598, 609 [73 Cal.Rptr. 93].)

If the business records are so voluminous as to make it impossible or impractical to produce them to prove the absence of items in those records, precedence exists for the testimony of the custodian or other qualified officer as to the absence of such items in the records. (See *Pacific Paving Company* v. *Gallett* (1902) 137 Cal. 174, 176 [69 P. 985]; see also *United States* v. *De Georgia* (9th Cir. 1969) 420 F.2d 889, 893.)

█ Although we do not agree that the contested documents were admissible, we conclude that there was other sufficient evidence of perjury to hold respondent to answer. The dean of the U.C.L.A. school of engineering testified that, at the time defendant testified he had the position of standing consultant of U.C.L.A. on the engineering curriculum, no such position existed. In addition, the prosecution submitted evidence that defendant, at the time of trial, was not using the same name by which he was known some 18 years previously.

█ The burden of the prosecution at the preliminary examination is to produce evidence of a reasonable probability, i.e., enough to induce a strong suspicion in the mind of a man of ordinary caution or prudence, that a crime had been committed and that the defendant was the guilty person. (*People* v. *Davidson* (1964) 227 Cal.App.2d 331, 334 [38 Cal.Rptr. 660].) In testing the evidence offered to support the prosecution, every

legitimate inference that may be drawn from the evidence must be drawn in favor of the information. (*Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197]; *People* v. *Murray* (1971) 21 Cal.App.3d 864 [99 Cal.Rptr. 55].) "Although the magistrate, in reaching his decision, may weigh the evidence, resolve conflicts, and give or withhold credence to witnesses, such a balancing of the evidence is not within the powers of a tribunal reviewing the magistrate's order. [Citations.]" (*People* v. *Martin* (1972) 23 Cal.App.3d 444, 446 [100 Cal.Rptr. 272].)

Although the magistrate in the instant case considered affidavits which this court now holds to be inadmissible, it is clear from the record that the testimony of the dean from U.C.L.A. alone was sufficient to lead the magistrate to his conclusion that probable cause existed.[3] In light of the principles relating to review of a 995 motion, it is concluded that the magistrate's conclusion should be upheld. Defendant's position is that there was no evidence sufficient to justify an inference that he lied when he stated he was a standing consultant on the U.C.L.A. engineering curriculum because he did not state he was a *paid* consultant and the dean might have been unaware of an *unpaid* consultant. Defendant, however, has merely suggested a possible and somewhat contrived means of reconciling the two. While the testimony of the dean alone might not be conclusive of a finding of guilt, it cannot be said that there was no evidence in this record to support the order binding respondent over for trial.

The judgment is reversed and the matter is remanded for the trial of defendant on the charge of perjury (Pen. Code, § 118).

Draper, P. J., and Emerson, J.,* concurred.

---

[3]The magistrate, in explaining his decision, stated in part: "The testimony of Dean O'Neill from the University of Southern California at Los Angeles that this man was never, never served as a consultant on engineering curriculum at U.C.L.A., and as a matter of fact they haven't had any consultants on curriculum except in the early 1960's, the Ford Foundation, leads me to believe and gives me a very strong suspicion that this man was committing perjury when he testified in Superior Court."

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.