[No. B011906. Second Dist., Div. Seven. Jan. 15, 1986.]

THE PEOPLE, Plaintiff and Appellant, v.
JIMMY ANTHONY REDE et al., Defendants and Respondents.

**COUNSEL**

Ira Reiner, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, James Ferr and Ronald B. Davey, Deputy Public Defenders, and John A. Torribio for Defendants and Respondents.

**OPINION**

**LILLIE, P. J.**—The People appeal from an order denying a motion to reinstate a complaint charging respondents Jimmy Rede and Nathan Rede with possession of phencyclidine (PCP) for purposes of sale. (Pen. Code, § 871.5; Health & Saf. Code, § 11378.5.) It is contended: "The chemist's words, that the liquid in question is 'more likely than not phencyclidine', are herein substantively sufficient to establish the contraband nature of the substance in question."

At the preliminary hearing, Los Angeles Deputy Sheriff William Tauson testified that, at approximately 4:15 p.m. on July 10, 1984, he observed a 1979 Ford Pinto automobile with expired registration tabs and attempted to make a traffic stop. The driver of the vehicle evaded the officer by accelerating and, when the automobile finally stopped, the passenger door opened

and an individual ran from the vehicle holding a brown paper bag in both hands. The officer arrested the driver, respondent Nathan Rede, for evading an officer. Respondent Jimmy Rede was arrested after a brief search of the area. On the roof of Ken's Liquor Store, adjacent to where respondent Rede was captured, Officer Tauson found the brown paper bag which contained five glass bottles of a substance resembling PCP. It was stipulated that "William H. Johnson be deemed to have been called, sworn, qualified as an expert forensic chemist and to have testified that on July 31, 1984, he removed the bottles depicted in People's No. 1 for identification, ascertained that they were five containers containing an estimated total volume of 75 milliliters of liquid and he performed an examination on three random containers of the five and determined that they contained approximately 45 milliliters of liquid containing a substance more likely than not phencyclidine."

Los Angeles County Sheriff's Deputy James Hollingsworth testified that, based on his experience as a narcotics detective, persons possessing 75 milliliters of liquid phencyclidine would possess it for purposes of sale.

Following presentation of the foregoing evidence, the magistrate dismissed the case, stating "There is simply the chemist's statement that he feels it is more likely than not that the substance is phencyclidine. I don't believe that the degree of proof is sufficient and, accordingly, the case is dismissed." The People's "Motion to Reinstate Complaint Pursuant to Penal Code section 871.5" was subsequently denied.

■ Appellant's contention that sufficient evidence was produced at the preliminary examination is well taken. ■ "The burden of the prosecution at the preliminary examination is to produce evidence of a reasonable probability, i.e., enough to induce a strong suspicion in the mind of a man of ordinary caution or prudence, that a crime had been committed and that the defendant was the guilty person." (*People* v. *Dickinson* (1976) 59 Cal.App.3d 314, 320 [130 Cal.Rptr. 561].) "*An information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it.* [Citations.]" (*People* v. *Slaughter* (1984) 35 Cal.3d 629, 637 [200 Cal.Rptr. 448, 677 P.2d 854], italics in original.) ■ Based on the record before this court, the magistrate erred as a matter of law in dismissing the complaint as to both respondents and the superior court erred in denying appellant's motion pursuant to Penal Code section 871.5. Substantial evidence was presented to establish that the liquid was phencyclidine and that respondents possessed it for purposes of sale. (See *People* v. *Slaughter, supra,* 35 Cal.3d at 637; *People* v. *Orin* (1975) 13 Cal.3d 937, 947 [120 Cal.Rptr. 65, 533 P.2d 193].)

The order denying the motion to reinstate the complaint charging respondents with possession of phencyclidine for purposes of sale is reversed.

Thompson, J., and Johnson, J., concurred.

The petition of respondent Jimmy Rede for review by the Supreme Court was denied May 8, 1986.