Filed 6/28/13  P. v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Petitioner, | E058268 |
| v. | (Super.Ct.No. INF1102490) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | **ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING** |
| Respondent; | |
| ROBERT SALTER, | [NO CHANGE IN JUDGMENT] |
| Real Party in Interest. | |

The petition for rehearing is denied.  The opinion filed in this matter on May 30, 2013, is modified as follows:

1.  On page two, paragraph one, the following sentence is added at the end of the paragraph, "Having reviewed the petition for rehearing, we reaffirm this conclusion."

2. On page two, paragraph three originally read as follows:

Next, insofar as the magistrate purported to make a "factual finding" that real party is not a gang member, this was improper as the most that could have been said was that the evidence presented was insufficient. There was no affirmative evidence that real party is not a gang member. (See *People v. Superior Court* (*Henderson*) (1986) 178 Cal.App.3d 516.) Furthermore, actual gang membership is not relevant to an allegation under Penal Code section 186.22, subdivision (b). (*People v. Miranda* (2011) 192 Cal.App.4th 398.)

It has been changed to read as follows:

Next, insofar as the magistrate purported to make a "factual finding" that real party is not a gang member, this was improper as the most that could have been said was that the evidence presented was insufficient—although as we hold below, this conclusion would have been incorrect. There was no affirmative evidence that real party is not a gang member. (See *People v. Superior Court* (*Henderson*) (1986) 178 Cal.App.3d 516.) Furthermore, actual gang membership is not relevant to an allegation under Penal Code section 186.22, subdivision (b). (*People v. Miranda* (2011) 192 Cal.App.4th 398.) The evidentiary value of real party's gang membership, or non-membership, at trial is not now before us.

3. On page two, paragraph four originally read as follows:

Finally, we disagree that the evidence was insufficient to hold real party to answer under the charged enhancement. The standard is "strong suspicion." (*Stark v. Superior Court* (2011) 52 Cal.4th 368, 406.) There was evidence that one or more codefendants

was an active gang member and that the victims belonged to a rival gang. The self-exculpatory statements to the effect that the attack was not gang related are entitled to little weight. Given that the case involves an unprovoked attack by Black gang members on Hispanic members of a rival gang, the conclusion that the assault was gang related and that real party intended to assist gang members is amply supported. (*People v. Leon* (2008) 161 Cal.App.4th 149.)

It has been changed to read as follows:

Finally, we disagree that the evidence was insufficient to hold real party to answer under the charged enhancement. Whether the standard is described as "strong suspicion" (see *Stark v. Superior Court* (2011) 52 Cal.4th 368, 406) or "reasonable probability" is immaterial; the terms are essentially interchangeable. (See *People v. Dickinson* (1976) 59 Cal.App.3d 314, 320.) There was evidence that one or more codefendants was an active gang member and that the victims belonged to a rival gang. The self-exculpatory statements to the effect that the attack was not gang related are entitled to little weight. Given that the case involves an unprovoked attack by Black gang members on Hispanic members of a rival gang, the conclusion that the assault was gang related and that real party intended to assist gang members is amply supported. (*People v. Leon* (2008) 161 Cal.App.4th 149.)

Except for these modifications, the opinion remains unchanged.  The modifications do not affect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                                    J.

We concur:

RAMIREZ _____
                    P. J.

KING _____
                    J.

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Petitioner,

v.

THE SUPERIOR COURT OF
RIVERSIDE COUNTY,

     Respondent;

ROBERT SALTER,

     Real Party in Interest.

E058268

(Super.Ct.No. INF1102490)

OPINION

ORIGINAL PROCEEDINGS; petition for writ of mandate.  David B. Downing, Judge.  Petition granted.

Paul E. Zellerbach, District Attorney, and Emily R. Hanks, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Law Offices of Rodney Lee Soda and Susanne S. Cho for Real Party in Interest.

1

DISCUSSION

In this matter we have reviewed the petition and the opposition filed by real party in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

First, we do not agree with real party in interest that the People's remedy by appeal is adequate, and because there *is* the right to appeal, review by writ poses no risk of unfair harassment. (See generally *People v. Superior Court* (*Mitchell*) (2010) 184 Cal.App.4th 451.)

Next, insofar as the magistrate purported to make a "factual finding" that real party is not a gang member, this was improper as the most that could be said was that the evidence presented was insufficient. There was no affirmative evidence that real party is not a gang member. (See *People v. Superior Court* (*Henderson*) (1986) 178 Cal.App.3d 516.) Furthermore, actual gang membership is not relevant to an allegation under Penal Code section 186.22, subdivision (b). (*People v. Miranda* (2011) 192 Cal.App.4th 398.)

Finally, we disagree that the evidence was insufficient to hold real party to answer under the charged enhancement. The standard is "strong suspicion." (*Stark v. Superior Court* (2011) 52 Cal.4th 368, 406.) There was evidence that one or more codefendants was an active gang member and that the victims belonged to a rival gang. The self-exculpatory statements to the effect that the attack was not gang related are entitled to little weight. Given that the case involves an unprovoked attack by Black gang members on Hispanic members of a rival gang, the conclusion that the assault was gang related and that real party intended to assist gang members is amply supported. (*People v. Leon* (2008) 161 Cal.App.4th 149.)

DISPOSITION

Accordingly, the petition for writ of mandate is granted. Let a peremptory writ of mandate issue directing the Superior Court of Riverside County to set aside its order

2

dismissing the enhancement alleged under Penal Code section 186.22, subdivision (b), and to enter a new order denying real party's motion to dismiss.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

The previously ordered stay is lifted.


NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MILLER
J.


We concur:


RAMIREZ
P. J.


KING
J.